UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00182-GNS

LORETTA RAINWATER; and
ALAN W. REED                                                              PLAINTIFFS

v.

AMERICAN FIDELITY
ASSURANCE COMPANY; and
JEFF SNYDER                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 5), Plaintiffs' Motion to Remand (DN 7), and Defendant's Motion to Dismiss or Motion to Strike (DN 9). The motions are ripe for decision. For the reasons stated below, the Plaintiffs' Motion to Remand is **GRANTED**, and Defendant's Motion to Dismiss or Motion to Strike is **DENIED AS MOOT**.

### I.    STATEMENT OF FACTS AND CLAIMS

Plaintiffs Loretta Rainwater ("Rainwater") and Alan W. Reed ("Reed") were both employed by the Adair County Board of Education. (Compl. ¶ 1, DN 1-1). In October 2010, Plaintiff applied for long-term care insurance policies issued by Defendant American Fidelity Assurance Company ("American Fidelity"). (Compl. ¶¶ 4-5). As alleged by Plaintiffs, Defendant Jeff Snyder ("Snyder") was an agent of American Fidelity and was involved in marketing that company's policies to employees of the Adair County Board of Education. (Am. Compl. ¶ 3). After Plaintiffs obtained those policies, American Fidelity allegedly raised the policy premiums even though Plaintiffs alleged that they were told that the premiums would not increase. (Comp. ¶¶ 6, 8).

Plaintiffs filed this action in Adair Circuit Court against Defendants asserting various claims including breach of contract claims against American Fidelity and a fraud claim against Snyder. Subsequently, Defendants removed this action on the basis of diversity jurisdiction and alleged that Snyder was fraudulently joined to destroy complete diversity between the parties. (Notice Removal 2-4, DN 1). In the present motions, Plaintiffs have moved to remand the case to Adair Circuit Court, and American Fidelity has moved to dismiss claims asserted in both the Complaint and the Amended Complaint.

## II.   DISCUSSION

### A.   Plaintiff's Motion to Remand

After a case has been filed in state court, a party may remove the case to federal district court if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" and if the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a). The defendant seeking to remove the case must file and serve a notice of removal within thirty days of receiving the initial pleading upon which the claim is based. *See* 28 U.S.C. § 1446(b). If the case stated in the initial pleading is not removable, a party has thirty days from receiving information warranting removal to file a notice of removal, with the caveat that removal based on jurisdiction conferred by 28 U.S.C. § 1332 is barred more than one year after the commencement of the action.

#### 1.   *Claims Asserted Against Snyder*

In this case, Defendants removed the action based upon diversity of citizenship between Plaintiff and American Fidelity and contenting that Snyder was fraudulently joined as a party. (Notice Removal 1-2). Based on the Court's reading, however, the Complaint does assert a colorable claim of fraud against Snyder. Under Kentucky law, the elements of fraud are: "(a) a

material representation, (b) which is false, (c) known to be false or made recklessly, (d) made with inducement to be acted upon, (e) acted in reliance thereon, and (f) causing injury." *St. Martin v. KFC Corp.*, 935 F. Supp. 898, 909 (W.D. Ky. 1996) (internal quotation marks omitted) (quoting *Miller's Bottled Gas, Inc. v. Borg-Warner Corp.,* 955 F.2d 1043, 1051 (6th Cir. 1992)).

With regard to the allegations against Snyder, the Complaint satisfies the fraud requirements. Plaintiffs initially asserted the following allegations involving Snyder:

> 6. Before applying and receiving the policy of insurance, the Plaintiffs were each advised of the terms and conditions of the policy by the Defendant, Jeff Snyder. Specifically, Jeff Snyder represented to the Plaintiffs and each of them that the policy had three significant features:
>> 1. A defined amount that would be paid on a daily basis if nursing home care was required; namely $150.00 per day.
>> 2. That there was no limitation on the duration of care (i.e. lifetime).
>> 3. That the premium was level and would never increase.
> 7. That, in fact, these representations were false and known to be false when made but were a part of the Defendant, American Fidelity Assurance Company marketing scheme.
> 8. Recently, both Plaintiffs received notices of large increases in premium.
> 9. Plaintiffs and each of them relied on the express representations made by the Defendant, Jeffrey Snyder to their detriment.

(Compl. ¶¶ 6-9). In evaluating the sufficiency of these allegations, this Court must be mindful that it was originally filed in state court. While fraud must be pleaded with particularity under Kentucky court rules, "the rule requiring pleading of fraud with particularity is to be considered in the light of the entire spirit of modern pleading which lays emphasis on short, concise and direct pleadings." *Denzik v. Denzik*, 197 S.W.3d 108, 110 (Ky. 2006) (citation omitted). Accordingly, "[a] pleading is sufficient if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Id.* (citation omitted). In this case, the Complaint contains sufficient allegations of a fraud claim against Snyder.

3

Likewise, the Complaint asserts violations of the Kentucky Insurance Code, KRS 304.12-010, and the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110-.300, against Snyder. (Compl. ¶ 15). The Kentucky Insurance Code defines as a "person" to "include[] an individual . . . ." KRS 304.1-020. As this Court has noted, "[t]he wording of KRS § 304.12-010 makes it clear that no person shall engage in any practice that is prohibited by all sections of subtitle 12." *Helton v. Am. Gen. Life Ins. Co.*, 946 F. Supp. 2d 695, 704 (W.D. Ky. 2013). For that reason, the Court also construes the Complaint as asserting a claim arising from a violation of the Kentucky Insurance Code against Snyder.[1]

### 2. *Diversity Jurisdiction/Fraudulent Joinder*

In seeking to remand this case, Plaintiffs assert that they alleged a valid claim against Snyder and, absent complete diversity of parties, this Court lacks diversity jurisdiction over the parties' dispute. (Pls.' Mot. Remand 1-2, DN 7). American Fidelity maintains that Snyder was named a party simply to preclude this Court from exercising jurisdiction and that there is no colorable claim against him. (Def.'s Resp. Pls.' Mot. Remand 4-12, DN 12).

The Sixth Circuit has held that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* (citing *Alexander*, 13 F.3d at 949). Therefore, "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (internal quotation marks omitted) (citation omitted). In determining

---

[1] This Court has held that an insured does not have a KCPA claim against an insurance agent unless there is privity when the contact is between the insured and the insurer. *See id.* at 702.

whether a non-diverse defendant has been fraudulently joined, "all disputed questions of fact and ambiguities in the controlling state law [should be resolved] in favor of the nonremoving party." *Id.* (alteration in original) (internal quotation marks omitted) (citations omitted).

The removing party bears the burden of establishing fraudulent joinder, which burden has been described as "a heavy one." *Id.*; *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 889 F. Supp. 2d 931, 937 (E.D. Ky. 2012) (internal quotation marks omitted) (citation omitted). Moreover, as courts within the Sixth Circuit have recognized, "[t]he benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given under Rule 12(b)(6) . . . ." *Fugate v. Babcock & Wilcox Conversion Servs., LLC*, No. 5:14-CV-00172-TBR, 2015 WL 1758063, at *2 (W.D. Ky. Apr. 17, 2015) (internal quotation marks omitted) (citation omitted).

As discussed above, however, Plaintiffs have asserted colorable claims against Snyder for common-law fraud and a violation of KRS 304.12-010. Accordingly, American Fidelity has failed to meet its heavy burden of proving fraudulent joinder.

In opposing the motion to remand, American Fidelity asserts various defenses attacking Plaintiffs' claim against Snyder, which is not the proper inquiry at this stage of the litigation. (Def.'s Resp. Pls.' Mot. Remand 6-12). "An assertion of fraudulent joinder must 'be directed toward the joinder, not to "the merits of the action as an entirety."'" *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 889 F. Supp. 2d at 938 (citation omitted). Here, removal of the case must be considered before reaching Defendants' motion to dismiss on the merits. While Defendants cite to this Court's decision in *CWI, Inc. v. Smartdog Servs., LLC*, No. 1:15-cv-139-GNS, 2016 WL 2654085 (W.D. Ky. May 9, 2016), that decision is distinguishable procedurally because the motion to dismiss required the Court to consider whether the asserted claims had

5

facial plausibility. *See id.* at *1. Because the Court in the case *sub judice* must first determine whether it has jurisdiction over this dispute before considering the merits of Defendants' dispositive motion, *CWI* does not support an argument of fraudulent joinder in this case.

As stated above, Plaintiffs have asserted a colorable claim against Snyder. Because there is a lack of complete diversity between the parties, the case was improperly removed to federal court and this Court lacks jurisdiction over this controversy. Accordingly, the Court will remand this matter to Adair Circuit Court.

### B. Defendant's Motions to Dismiss

As discussed above, the Court is remanding this case to state court. Accordingly, Defendant's motions to dismiss are denied as moot.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion to Remand (DN 7) is **GRANTED**, and this case is **REMANDED** to Adair Circuit Court. The Clerk shall strike the case from the active docket.

2. Defendant's Motion to Dismiss (DN 5), and Defendant's Motion to Dismiss or Motion to Strike (DN 9) are **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
May 26, 2017

cc: counsel of record
Adair Circuit Court (16-CI-00178)